Holger Uhl [OSB#950143]
**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045
Attorneys for QUALITY LOAN SERVICE CORP.

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| RICHARD AND MARY HARTZELL,<br><br>            Plaintiff,<br><br>vs.<br><br>QUALITY LOAN SERVICE CORP.,<br><br><br><br><br>            Defendants. | Case No. 10-6230<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** |

## I.   INTRODUCTION AND ALLEGATIONS OF THE COMPLAINT

Plaintiff Richard and Mary Hartzell (HARTZELL) commenced this action on August 2, 2010, and initially named First Horizon Home Loan Corporation as the sole defendant. *See Docket # 1.* A day later HARTZELL filed an amended complaint, in which First Horizon Home Loan Corporation was replaced with Quality Loan Service Corporation ("QLS").[1] Docket # 6. Contemporaneously with the complaint HARTZELL moved for a restraining order to stop a pending foreclosure sale of HARTZELL's property known as 4299 NE 29th St, Redmond, OR

---

[1] Quality Loan Service Corporation provides non-judicial foreclosure processing in several Western States, but is not a bank, lender or otherwise a servicer of mortgage loans. *See http://www.qualityloan.com*

**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 1**

**McCarthy & Holthus LLP**
**19735 10th Avenue, Suite N-200**
**Poulsbo WA 98370**
**Phone: 206.319.9100 Ext. 8045**
**Fax: 206.780.6862**
**Direct: 206.319.9045**

97756. On August 5, 2010, this court denied the motions as moot since HARTZELL conceded that the foreclosure sale had already occurred.[2]

The Amended Original Petition consists of 25 pages of what appears to be a boilerplate pleading downloaded from the internet. As best as can be determined, HARTZELL's claims an alleged wrongful foreclosure of the Redmond property, based on the idea that the securitization of mortgage loans is a fraud.

HARTZELL lists six cause of action:
1) Breach of Fiduciary Duty
2) Negligence
3) Common Law Fraud
4) Breach of the Implied Covenant of Good Faith and fair Dealing
5) Violation of Truth In Lending Act
6) Intentional Infliction of Emotional Distress

In other parts of the pleadings, HARTZELL also alleges:
1) Lack of Standing
2) Criminal Conspiracy and Theft
3) Fraudulent Inducement
4) Fraudulent Collection
5) Truth In Lending Violations
6) RESPA Violations
7) Conspiracy
8) Deceptive Advertising
9) Unjust Enrichment
10) Quiet Title

Finally, HARTZELL purports to request both declaratory and injunctive relief as well as damages. What is missing from this cornucopia of allegations, is any specific facts. Who did what? What did who to HARTZELL? When and where and how did the alleged conspiracies or fraud occur with respect to HARTZELL? Nowhere in the complaint does HARTZELL make a single factual allegation to support claims against the named defendant. Nowhere in the

---

[2] The Sale occurred on August 3, 2010, with the property being sold to The Bank of New York Mellon, as Trustee, as the highest bidder. A trustee's deed recorded on August 11, 2010 as Instrument Number 2010-31334, records of Deschutes County, Oregon.

**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 2**

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

complaint are there "short and plain statements" showing HARTZELL's entitlement to relief. The majority of allegations have nothing to do with a foreclose, but involved generalized allegations of *bad* behavior at the loan origination stage, and in the (alleged) subsequent securitization of the loan. However, the named Defendant is not the party that originated the loan, or could be in a broad sense be referred to as a "Lender," and HARTZELL has made no factual allegations that the Defendant QLS is the "Lender" or "Lenders" to which HARTZELL refers in his pleadings.

The complaint refers to terms such as "Lenders," "Investors," "Defendants" often interchangeably, but without once identifying the particular Lender, Investor or Defendant. There are also repeated references to documents, but not a single document is attached to the complaint.

There are numerous conclusory allegations, but without factual allegations to support those conclusions. For example, HARTZELL alleges that "Defendants are without standing to invoke the subject matter jurisdiction of the court." *See* Docket #6, page 8. However, there is no accompanying allegation of fact or other evidence that the named or any other "Defendant" sought to invoke the jurisdiction of the court.

This Court should dismiss HARTZELL's claims because HARTZELL fails to allege any facts that would place Defendants on notice of their alleged role in the violation of HARTZELL's rights. Not even the deferential treatment given to *pro se* pleadings can overcome the deficiencies in the pleadings. Thus, it should be dismissed in its entirety.

## II.    STANDARD OF REVIEW

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 3

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

The federal pleading rules are purposefully liberal. Rule 8(a)(2) simply requires " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *See Conley v. Gibson*, 355 U.S. 41, 47 (1957). Allegations of fraud require a somewhat higher, but not insurmountable, pleading standard. Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting the fraud or mistake." The alleged fraud must be "specific enough to give defendants notice of the particular misconduct…so that they can defend against the charge and not just deny that they have done anything wrong." *See Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1104-05 (9th Cir. 2003). Each allegation of fraud must therefore be accompanied by "*the who, what, when, where, and how* of the misconduct charged." *Id*. (*citing Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

If these basic minimum standards are not met, however, the court may grant a motion to dismiss pursuant to Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) *at* 45.

"Factual allegations must be enough to raise a right to relief above the speculative level." *Williams ex rel. Tabiu v. Gerber Products Co., 523 F.3d 934, 938 (9th Cir.2008), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. The allegations must be more "than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic, Id. at 555*.

A claim has facial plausibility only when the HARTZELL pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id. at 556*. It asks for more than a sheer possibility that a defendant has acted unlawfully,

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 4

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

*Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id. at 557*. In *Ashcroft v. Iqbal, U.S., 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009)*, the Supreme Court explained the analysis a court must take:

> Two working principles underlie our decision… First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. **Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice** …
>
> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss ... [and] **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduc**t, the complaint has alleged - but it **has not 'show[n]' - 'that the pleader is entitled to relief.**' ....
>
> In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. (Emphasize added)

In other words, to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right of relief above the speculative level." *See Bell Atlantic Corp. supra*. It cannot be solely based on mere legal conclusions and the mere prospect of some misconduct. Factual allegations have to be more than formulaic recitations of some generalized misconduct.

### III. ARGUMENT

#### A. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Not every case that is brought before a Federal Court can be heard by that court. Federal courts are courts of limited jurisdiction. *Stock West, Inc. v. Confederated Tribes of the Colville*

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 5

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

*Reservation*, 873 F2d 1221, 1225 (9th Cir 1989).  A federal district court is limited to hear only those cases which are within the power conferred by the United States Constitution within the jurisdictional areas granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert. denied*, 503 US 936 (1992). There are two main types of Original Jurisdiction.  It must be based either on diversity of citizenship between the litigants, but limited to suits totaling more than $75,000 in controversy, or on a claim involving the Constitution, laws, or treaties of the United States.  *See* 28 USC § 1332, 28 USC § 1331.

While there are allegations of damages exceeding $75,000.00, namely $1,160,226.66 in monetary and $3,480.679.98 in punitive damages.  No basis for these numbers is given. They seem to be purposefully large for effect only, but appear to have no relation to the mortgage that is the subject of the complaint.

To establish diversity jurisdiction, HARTZELL must allege that they are citizens of the State of Oregon, that all of the defendants, including any corporate defendants, are citizens of other states, and that their damages are greater than $75,000.  HARTZELL asserts that they reside in Redmond, Oregon. It is well established that "residence" does not equal "citizenship" for purposes of diversity jurisdiction: "It is black letter law that, for purposes of diversity, '[r]esidence and citizenship are not the same thing.'" *Seven Resorts, Inc. v. Cantlen*, 57 F3d 771, 774 (9th Cir 1995), citing *Mantin v. Broadcast Music, Inc.*, 244 F2d 204, 206 (9th Cir. 1957). However, even if the court sets aside this issue and assumes that residence indicates the citizenship of HARTZELL, the Complaint still does not indicate the citizenship of any other defendant.  Thus HARTZELL has not shown that diversity exists.

To invoke federal question jurisdiction, HARTZELL must plead that defendants have violated some federal constitutional or statutory provision. Although HARTZELL references a

**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 6**

**McCarthy & Holthus LLP**
**19735 10th Avenue, Suite N-200**
**Poulsbo WA 98370**
**Phone: 206.319.9100 Ext. 8045**
**Fax: 206.780.6862**
**Direct: 206.319.9045**

number of federal statutory provisions in the Complaint, the allegations provide few, if any, comprehensible facts to decipher a claim. HARTZELL has simply not specified in a comprehensible way what statute was violated, how or by whom.

### B. HARTZELL'S COMPLAINT CONTAINS NO FACTUAL ALLEGATIONS THAT SUPPORT CLAIMS AGAINST THE NAMED DEFENDANT.

#### 1. HARTZELL'S COMPLAINT NEITHER INDIVIDUALLY IDENTIFIES DEFENDANTS NOR IDENTIFIES FACTS THAT WOULD EXPLAIN DEFENDANTS ROLE IN THE PURPORTED VIOLATION OF HARTZELL'S RIGHTS.

Although the Complaint implies that various parties allegedly violated HARTZELL's rights in numerous ways, it identifies only one defendant, namely QLS. The complaint neither identifies any particular conduct by this particular defendant (or any party) nor identifies how that conduct violates a particular statutory law or forms the basis for a common law or other claim. Instead, the allegations of the Complaint refer simply to "Lenders" or "Defendants," asserting a far reaching "conspiracy" and "Carefully Crafted Criminal Connivance." Docket #6, page 2, 9. These blanket allegations against QLS are insufficient. In particular, the Complaint makes no specific allegations at all against QLS. QLS is simply named in the caption, and an address is given, but except for one instance it is not mentioned anywhere else in the body of the Complaint. On page 3 of 25 pages, QLS is grouped with some well known mortgage companies as having "convinced Americans to sell their homes… and speculate with the equity." Docket #6.[3]  This is the only allegation specific to QLS. It is specific, however, only with reference to

---

[3] For purposes of this motion it is immaterial as to what QLS really is, but for the record, QLS is not a mortgage company nor a loan servicer, but simply provides foreclosure processing services. Neither Countrywide nor Ameriquest appear to have any relationship with the underlying loan whatsoever, and appear to be used simply as examples.

**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 7**

**McCarthy & Holthus LLP**
**19735 10th Avenue, Suite N-200**
**Poulsbo WA 98370**
**Phone: 206.319.9100 Ext. 8045**
**Fax: 206.780.6862**
**Direct: 206.319.9045**

naming QLS, the allegation itself is conclusory boilerplate with no relation to any particularized wrong against Plaintiff.

The complaint is simply "a series of conclusory allegations and legal assertions, which are entitled to no weight in the Court's review of the motion to dismiss." *Lechner v. Citimortgage, Inc.*, Civil No. 4:09-CV-302-Y, 2009 WL 2356142, at *3 (ND Tex July 29, 2009) Defendants and the courts do not have to assume facts to support claims that are not supported by factual allegations as to particular actions by specific defendants. *Straker v. Deutsche Bank National Trust*, No. 3:CV-09-0338, 2010 WL 500412, at *1 (MD Pa, Feb. 5, 2010). A defendant must be able to have a proper basis to frame responsive pleadings. *Federal Savings & Loan Ins. Corp. v. Musacchio,* 695 F. Supp. 1053, 1060 (N.D. Cal. 1988). There must be "enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim." *Shaw v. Lehman Bros. Bank, FSB*, 2009 WL 790166, at *2 (D. Idaho 2009) (unreported) (*citing Bell Atlantic*, 127 S.Ct. at 1965). The Complaint provides nothing which could guide the Defendant in framing a response nor the Court in evaluating whether there is an actual claim the court can hear.

### 2. NONE OF HARTZELL'S CLAIMS SHOULD SURVIVE DISMISSAL.

While individually addressing each of HARTZELL's 16 or so claims, would lead to a completely bloated memorandum, as confusing as the Complaint itself, highlighting them further exposes the deficiency of this Complaint. A complaint cannot withstand a motion to dismiss if it merely states claims without alleging facts to support those claims. *Torne v. Republic Mortgage LLC*, No. 2:09-cv-2445-RLH-RJJ, 2010 WL 1904507 (DNev May 10, 2010). Thus, the following claims should be dismissed because HARTZELL fails to allege any specific facts supporting the claim: Breach of Fiduciary Duty, Negligence, Common Law Fraud, Breach of

**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 8**

**McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045**

the Implied Covenant of Good Faith and fair Dealing, Violation of Truth In Lending Act, Intentional Infliction of Emotional Distress, Criminal Conspiracy, Deceptive Advertising  In each instance, HARTZELL simply makes a general allegations as to a duty owed and a breach of that duty.  Nowhere does HARTZELL identify why QLS owed that duty and when or how QLS breached the alleged duty.

With respect to the allegations of Lack of Standing, Unjust Enrichment, RESPA Violations and Quit Title the Complaint fails to provide any nexus between the allegations and the named Defendant, QLS.  The allegations charge that the "Lender" did this or that or did not do this or that.  All allegations with respect to the origination or early servicing of the loan Nowhere, however, are there any specific actions charged to QLS, nor is there any allegation that QLS was involved in originating or servicing the loan in question at all.

### 3. HARTZELL'S FRAUD CLAIMS CLAIM SHOULD BE DISMISSED BECAUSE HARTZELL FAILS TO STATE WITH PARTICULARITY THE CIRCUMSTANCES CONSTITUTING FRAUD.

Rule 9(b) of the Federal Rules of Civil Procedure requires parties to "state with particularity the circumstances constituting fraud"—the party must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F2d 1393, 1401 (9th Cir 1986). Although the word "fraud" or variations thereof appear on literally every page of the complaint, nowhere in the complaint are there allegations as to the time, place and specific content of the alleged fraud.  Again, the allegations of fraud are so general that they do not even identify the alleged perpetrator, other than with a general reference to "Lender" or "Defendants."  Again the only named defendant is left to guess as to what, when, where, and how it allegedly defrauded Plaintiff.

**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 9**

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

### C.    IF THIS COURT FINDS THAT SOME CLAIM FOR RELIEF IS PLED, THEN IN THE ALTERNATIVE, DEFENDANTS REQUEST THAT THIS COURT ORDER HARTZELLS TO RESTATE THE COMPLAINT IN A FORM T THAT WILL PERMIT RESPONSIVE PLEADINGS

Trying to divine HARTZELL's pleadings is worse than looking for the proverbial needle in the haystack.  There is no order, no connection between alleged wrongful acts, the applicable law or any particular party referenced in the pleadings.  Replying to such pleadings would be an exercise in futility since it would evolve complete guess work.    Federal Rules of Civil Procedure, Rule 12(e) states, in pertinent part:

> If a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. [FRCP, Rule 12(e)]

"The proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Federal Savings & Loan Ins. Corp. v. Musacchio,* 695 F. Supp. 1053, 1060 (N.D. Cal. 1988).  As discussed above, HARTZELL's pleadings are so confusing and incomprehensible that it is impossible for the moving Defendants to determine whether HARTZELL has stated a cognizable claim for relief against any party and in particular this particular Defendant. If, however, this Court determines that a valid claim is buried in the Complaint, the moving Defendant is still unable, with reasonable effort, to draft a responsive pleading. As a result, Defendants would request that this Court order HARTZELL to restate the Complaint in a form that will permit a proper responsive pleading.  In particular by identifying the persons or entities that Plaintiff is referencing and requiring specific factual allegations, that provide the who, where, when and what, with respect to QLS.

**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 10**

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

## IV. CONCLUSION

Plaintiff has provided what amounts to a general diatribe directed at the mortgage industry in general. Yet, Plaintiff has provided little to no specific allegations, and has utterly failed to provide a nexus between any allegation and the named defendant. Therefore, this Court should dismiss the complaint in its entirety.

DATED September 10, 2010

          McCarthy & Holthus, LLP
             */s/ Holger Uhl*
          By_____
             Holger Uhl, Of the Firm
             Attorneys for QUALITY LOAN SERVICE CORP.

MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 11

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 10, 2010, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing:

- 

Additionally, a copy of the foregoing was served on the following parties by first class mail, postage prepaid, addressed to:

Richard and Mary Hartzell
4299 NE 29th St.
Redmond, OR 97756


*/s/ Holger Uhl*
_____
Holger Uhl

**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 12**

**McCarthy & Holthus LLP**
**19735 10th Avenue, Suite N-200**
**Poulsbo WA 98370**
**Phone: 206.319.9100 Ext. 8045**
**Fax: 206.780.6862**
**Direct: 206.319.9045**