FILED'10 NOV 05 13:23 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RICHARD and MARY HARTZELL    )
                                                  )
              Plaintiffs,    )    Case No. 10-6230-HO
                                                  )
                       v.    )    ORDER
                                                  )
QUALITY LOAN SERVICE CORP.,    )
                                                  )
            Defendant.    )

## INTRODUCTION

On August 3, 2010, plaintiffs Richard and Mary Hartzell filed a *pro se* Amended Complaint against defendant Quality Loan Service Corp (QLS). [#6]. The amended complaint alleges that, in refinancing a residential property located at 4299 NE 29th St, Redmond, Oregon 97756 (subject property), defendants "induced

1 - ORDER

plaintiffs to enter into a predatory loan agreement", "committed numerous acts of fraud," "failed to make proper notices" that would have warned plaintiffs of these alleged practices and "charged false fees." [#6- pp.1-2]. Plaintiffs have also requested entry of default against the defendant for failure to timely answer their complaint, moved for Rule 11 Sanctions against defendant's counsel and moved to Strike defendant's answer as untimely. [#13; #17 and #18].

Defendant QLS moves to dismiss plaintiff's complaint or in the alternative for a more definite statement. [#15].

## BACKGROUND

Plaintiffs Richard and Mary Hartzell have two virtually identical cases currently before this court [10-6230-HO & 10-6231-HO), involving allegations of mortgage fraud in refinancing of two residential properties[1]. This case involves a residence located at 4299 NE 29th St., Redmond OR 97756, for which plaintiffs, at an unknown time, "entered into a consumer contract for the refinance of a primary residence" with an unknown lender [#6].

Plaintiffs allege "[d]efendants have concocted a carefully crafted connivance wherein Lender conspired with Agents, et al,

---

[1] Both subject properties are described by plaintiffs as "a primary residence" despite being apparently separate properties with different locations and addresses.

2 - ORDER

to strip Petitioner of Petitioner's equity in the property by inducing Plaintiff to enter into a predatory loan inflated loan product." [#6- p.7]. Plaintiffs assert multiple claims[2] seeking temporary and permanent injunctions against defendant; quiet title to their property; rescission of the loan contract and restitution and disgorgement as well as economic damages of $1,160,226.66; undisclosed non-economic damages and punitive damages of $3,480,679.98. [#6-p.24].

Defendant moves to dismiss or alternatively to require Plaintiff to make a more definite statement. [#15]. Defendant notes that plaintiffs originally filed this case against First Horizon Home Loan Corporation and amended the complaint dismissing the original defendant and substituting QLS as the sole defendant. QLS further notes that it provides non-judicial foreclosure processing in several Western states but, is not a bank, a lender, or a servicer of mortgage loans. [#16-p.1, fn.1]. Defendant also informs the court that "[t]he Sale occurred on August 3, 2010, with the property being sold to the

---

[2] Plaintiffs claims include: common law fraud; fraud in the inducement; fraud in the execution; fraud by non-disclosure; breach of fiduciary duty; negligence/negligence per se; negligent misrepresentation; breach of the implied covenant of good faith and fair dealing; unjust enrichment; intentional infliction of emotional distress; usury; criminal conspiracy; theft; and violation of the Federal Trade Commission Act, the Truth in Lending Act, the Real Estate Settlement Procedures Act and the Home ownership and Equity Protection Act.

3 - ORDER

Bank of New York Mellon, as the highest bidder. A trustee's deed recorded on August 11, 2010, as Instrument Number 1020-31334, records of Deschutes County." [#16-Fn.2].

Defendants observe that plaintiffs appear to have downloaded their complaint from the internet because while it complains generally about fraudulent securitization of loans, it does not contain any details or facts that allege QLS has done anything wrong or that might entitle plaintiffs to the relief requested. [#16-pp.2-3].

Defendant moves to dismiss plaintiffs' complaint because it fails to "place defendants on notice of their alleged role in violation of " the plaintiff's rights, fails to establish diversity jurisdiction, and contains no factual allegations to support any claims against defendant QLS. [#16-pp.3, 6-8].

DISCUSSION

1. Fed,R.Civ.P. 8 and 12 Standards:

   a) Fed.R.Civ.P. 8:

Claims for relief must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Furthermore, "each allegation must be simple, concise and direct" showing the pleader is entitled to relief. Fed.R.Civ.P. 8(d)(1); *Ashcroft v. Iqbal,* 129 S.Ct 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the

4 - ORDER

claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007)(internal quotations omitted).

    b)  Fed.R.Civ.P. 12(b)(6):

Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir 1988). To sufficiently state a claim for relief and survive a Fed.R.Civ.P. 12(b)(6) motion, the pleading does not need detailed factual allegations but the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic,* 550 U.S. at 555 (mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do).

There must be sufficient facts to state a claim for relief that is plausible on its face. *Id.* at 570. In other words, for a complaint to survive a motion to dismiss, the non-conclusory factual content and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the Plaintiff to relief. *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir 2009)

While this standard applies to pleadings no matter who drafts them, when reviewing the sufficiency of a complaint drafted by a *pro se* litigant, the pleadings are liberally construed and viewed less stringently than formal pleadings

5 - ORDER

drafted by attorneys. *Erikson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, even *pro se* pleadings must meet a minimum threshold and provide the defendant with notice of what it is that it allegedly did wrong. *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

### 2. **Plaintiffs' various claims:**

Plaintiffs have generally alleged a variety of causes of action against the defendant QLS. However, none of plaintiffs' claims contain any specific facts about any alleged acts that QLS may have committed. Instead, plaintiffs make general assertions about the mortgage industry and the problems they allege this industry visits on consumers.

Plaintiffs' response to defendant's motion to dismiss attempts to buttress their complaint with two exhibits[3] neither of which implicate defendant QLS (the foreclosing agent), in any of the acts of which plaintiffs complain or, in fact mention defendant. [#19]. Additionally the Settlement Statement and the Truth in Lending Disclosure Statement which plaintiffs submitted are for a property on NE Yucca Ave - the property that is the subject of plaintiffs' other lawsuit.

Plaintiffs' Complaint appears to base their claims on

---

[3]  Exhibit 1: Settlement Statement; Exhibit 2: Truth in Lending Disclosure Statement. [#19- Exs. 1,2].

6 - ORDER

defendant charging false fees and note those fees are indicated on the settlement statement submitted as Exhibit 1[4]. Plaintiffs do not however, supply any specific details of what those false fees were. Nor is the exhibit helpful given that defendant is no where listed on the statement and statement is for a different property. Finally, many of plaintiffs' complaints appear to be against parties who originated the loan rather than the defendant foreclosure agent, QLS.

Plaintiffs also claim that defendant has "committed fraud by representing to the court that QLS is a real party in interest in the contract of sale and has standing to take said property from defendant when no such claim exists." [#19-p.3]. Given that the pleadings contain no information regarding the property, the loan on that property, the foreclosure (except the brief informal description of foreclosure by QLS's footnote), why the foreclosure took place or even on which property the foreclosure sale occurred, in the matter currently before the court, this claim is unsubstantiated.

In summary, plaintiffs' complaint fails to identify the acts by QLS that allegedly violate their legal rights. While it is

---

[4] However, the Settlement Statement indicates that the Hartzells borrowed $818,686.47 from First Horizon Home Loan Corporation on January 2, 2007 for a property located at 2511 NE Yucca Ave. [#19-Ex.1]. The subject property in this action is located at 4299 NE 29th St, Redmond, Oregon 97756.

7 - ORDER

true that the Federal Rules of Civil Procedure do not require a litigant to guess about the facts that will be found through the discovery process, bare legal theories and conclusions such as those offered here, without any specific factual allegations are simply not enough to survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1950 (2009),("[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

## CONCLUSION

Based on the foregoing reasoning, defendant Quality Loan Service's Motion to Dismiss [#15] is GRANTED. Plaintiffs' Petition for No Answer Default [#13], Motion for Rule 11 Sanctions [#17], and Motion to Strike Defendant's Answer [#18 are DENIED. This action is dismissed.

IT IS SO ORDERED.

DATED this 4th day of November, 2010.

*Michael R. Hogan*
United States District Judge

8 - ORDER